UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARISSE SAMANTHA MOORE,

                    Plaintiff,

-against-

STATE OF GEORGIA, *et al.*,

                    Defendants.

24-CV-5545 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, acting *pro se*, brought this complaint invoking the Court's federal question jurisdiction. By order dated July 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. On August 26, 2024, Plaintiff filed an amended complaint. For the reasons set forth below, the Court dismisses the amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

In her initial complaint, Plaintiff states that she is seeking "a broader conversation on stalking and how mental health practitioners can help their clients through the process." (ECF 1 at 8.) She also seeks damages from the States of Georgia and North Carolina. Plaintiff sues Georgia Secretary of State Brad Raffensperger and North Carolina Secretary of State Elaine Marshall; Tara Duffie, a psychiatric mental health nurse at Vanderbilt University; Ingrid Jones, a psychiatric mental health counselor from Broward College in Florida; and Ryanne Saucier of Scenic Productions and Cable Network.[1]

---

[1] Plaintiff references her recent cases against some of the same defendants. *See Moore v. Vanderbilt Univ.*, No. 1:24-CV-5533, 1 (S.D.N.Y. filed June 17, 2024) (suing Ryanne Saucier, Elon Musk, and others); *Moore v. Scenic Prods.*, No. 1:24-CV-05413, 1 (S.D.N.Y. July 11, 2024) (suing Ryanne Saucier and others).

2

Plaintiff invokes the Court's federal question doctrine and states that her claims involve "interstate stalking," and "human trafficking." (*Id.* at 2.) She also cites 18 U.S.C. § 249, and the Hate Crime Prevention Act. She states that her claims arose in Georgia, North Carolina, California, New York, and Ireland, beginning in 2021.

The complaint is 144 pages long. Plaintiff describes reports that she has filed with the Federal Bureau of Investigation (FBI) regarding "multi-year Interstate Stalking." (*Id.* at 10.) Plaintiff alleges, for example:

> OF SIGNIFICANT IMPORTANCE:
>
> In 2022, my Apple MacBook Air was hacked with documents of concern related to stalkers, to include but not limited to: Growth_2022.04 Document - Where I identified [ ] as a and her husband as a [ ], . These were my personal thoughts and briefly listed within a Microsoft Word document on my Apple MacBook Air.
>
> "Covert Narcissist disguised as altruism" - Taylor Swift, Anti-Hero
>
> Ryanne Duffie Saucier's favorite artist is Taylor Swift
>
> NOTE: Ryanne Duffie Saucier and Dan Saucier were adamant about building a relationship with Laura Norton and Mayor Derek Norton, for unknown reasons.

(*Id.* at 53.)

> Plaintiff further alleges:
>
> Jax, My Maltipoo was attacked due to stalking
>
> Banfield Pet Hospital in Charlotte, North Carolina
> Bond Vet
> Urgent Vet
>
> Unauthorized Non-Consented Dossier creation of Charisse S. Moore based on Psychology, Business, Technology,
>
> Medical information to leverage Economic Espionage for stalkers

(*Id.*)

>Plaintiff describes various incidents:
>
>**Thursday, February 17, 2022:** Ryanne Duffie Saucier and Dan Saucier contacted the Cobb County Police Department to perform a "wellness check" on me, due to the fact that I did not return their phone calls, voicemails and/or emails [.] The Responding Officer to the wellness check was Officer Glen C. Meyer - Cobb County, GA.
>
>**Note:** I blocked both Ryanne Duffie Saucier and Dan Saucier's phone numbers and email addresses, as of January/ February 2022.
>
>**Note:** Officer Glen C. Meyer, Cobb County Police Department, was very nice and provided his personal cell phone number, as he is familiar with Domestic Violence cases. We spoke for more than 30 minutes in mid-February 2022 during the wellness check and he strongly encouraged and watched me send an email to Dan (Daniel) Saucier regarding the lack of response to his and Ryanne's calls.
>
>**February 19, 2022:** Due to the issues with Dan Saucier and Ryanne Duffie Saucier, I went to visit my cousin Andre Gilgeous in Charlotte, North Carolina.

(*Id.* at 61.)

On August 26, 2024, Plaintiff filed an amended complaint. In the caption of the amended complaint, Plaintiff names the States of Georgia and North Carolina, Scenic Cable Network & Productions, and Vanderbilt University. In the body of the amended complaint, Plaintiff lists numerous additional defendants, including North Carolina Governor Roy Cooper, Fulton County District Attorney Fani Willis, Georgia Governor Brian Kemp, Elon Musk, and many others. Plaintiff indicates that her claims arose from 2018 to the present, throughout the United States, and in the United Kingdom and Guatemala. Plaintiff brings claims for "interstate stalking as part of the Violence Against Women Act (VAWA)," "Conspiracy Against Rights, 18 U.S.C. § 241, as part of Hate Crimes," "criminal interference with right to fair housing," and more.

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly

4

allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claims of stalking, they rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**WARNING**

Plaintiff has filed multiple suits with claims similar to those brought in this action, some of which also name the same defendants. *See, e.g.*, *Moore v. Vanderbilt Univ.*, No. 1:24-CV-5533,

1 (S.D.N.Y. filed June 17, 2024) (suing Ryanne Duffie Saucier); *Moore v. Scenic Productions*, No. 1:24-CV-05413, 1 (S.D.N.Y. July 11, 2024) (suing Ryanne Duffie Saucier); *Moore v. KPMG*, No. 1:24-CV-05471, 1 (S.D.N.Y. filed July 15, 2024) (claims of interstate stalking); *Moore v. Fox News*, No. 1:24-CV-05470, 1 (S.D.N.Y. July 15, 2024) (suing Ryanne Duffie Saucier).

Plaintiff is warned that, should she file future actions in this court that are duplicative or frivolous, the Court may enter an order barring her from filing new actions *in forma pauperis* unless she receives permission from the court to file a new civil action. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's amended complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that, should she file future actions in this court that are frivolous or duplicative, the Court may enter an order barring her from filing new actions *in forma pauperis*, unless she receives permission from the court to file the new civil action. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: September 5, 2024
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge